CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  clozano@unioncounsel.net
            tmainguy@unioncounsel.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CALIFORNIA SERVICE EMPLOYEES HEALTH AND WELFARE TRUST FUND,<br><br>                    Plaintiffs,<br><br>        v.<br><br>WORLD SERVICE WEST/ LA INFLIGHT SERVICE COMPANY, LLC,<br><br>                    Defendant. | No.<br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)** |

Plaintiff complains of Defendant, and for causes of action alleges:

## I.        JURISDICTION AND INTRADISTRICT ASSIGNMENT

1.       This action arises under and is brought pursuant to section 502 of the Employee

Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the

Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this

District Court since contributions are due and payable in the County of San Francisco.  Therefore,

intradistrict venue is proper.

## II.        PARTIES

2.       At all times material herein, Plaintiff THE BOARD OF TRUSTEES, in their

capacities as Trustees of the CALIFORNIA SERVICE EMPLOYEES HEALTH AND

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1  WELFARE TRUST FUND (referred to as "Trust Funds).  At all times material herein, each of

2  the above-named Trust Fund was, and now is, an employee benefit plan created by a written Trust

3  Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-

4  employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29

5  U.S.C. §§ 1002, 1003 and 1132).  The Trust Fund is administered by a Board of Trustees which

6  may bring this action in the name of the Trust Funds pursuant to the express provisions of the

7  Trust Agreements.  The above named Trust Fund and its respective Board of Trustees shall

8  hereinafter be designated collectively as "Plaintiff."

9          3.      At all times material herein, World Service West/LA Inflight Service Company,

10  LLC (hereinafter referred to as "Defendant), have been employers within the meaning of section

11  3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and employers in an industry

12  affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

13          **III.     ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

14          4.      At all relevant times, Service Employees International Union, United Service

15  Works West (hereinafter "Union"), a labor organization within the meaning of section 301 of the

16  Labor Management Relations Act (29 U.S.C. § 185) and Defendant were signatory and bound to

17  LAX Master Passenger Services Agreement (hereinafter "Master Agreement").  A true and

18  correct copy of the Master Agreement for July 1, 2013 to June 30, 2016 is attached hereto as

19  Exhibit "A".  A true and a true and correct copy of the Master Agreement Re-Opener for June 27,

20  2014 to October 31, 2016 is attached hereto as Exhibit "B".  A true and a true and correct copy of

21  the Master Agreement for June 27, 2014 to October 31, 2016 – Appendix "N" is attached hereto

22  as Exhibit "C".  A true and accurate copy of the Master Agreement for May 1, 2017 to April 2022

23  is attached hereto as Exhibit "D".  A true and a true and correct copy of the Fifth Extension

24  Agreement regarding the Master Agreement is attached hereto as Exhibit "E".  (The Master

25  Agreement and Health and Welfare Trust Agreement are hereinafter collectively referred to as

26  "Agreements").  By said Master Agreement, Defendant promised that it would contribute and pay

27  to Plaintiff the amount required by the Master Agreement for eligible employees who performed

28  work covered by the Master Agreement, and that Defendant would be subject to and bound by all

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1  of the terms, provisions and conditions of the Trust Agreement for the Health and Welfare Trust

2  Fund.  A true and correct copy of the Trust Agreement for the Health and Welfare Trust Fund is

3  attached hereto as Exhibit "F".

4     5.   The Master Agreement, by its terms, incorporates the various Trust Agreements

5  establishing the Trust Fund.  By said Master Agreement, Defendant promised that they would

6  contribute and pay to Plaintiff the hourly amounts required by the Agreements for each hour paid

7  for or worked by any of their employees who performed any work covered by said Agreements,

8  and that they would be subject to and bound by all of the terms, provisions and conditions of the

9  Trust Agreement.

10     6.   The Agreements provide for prompt payment of all employer contributions to the

11  Trust Fund and provide for the payment of liquidated damages and interest on all delinquent

12  contributions, attorneys' fees, and other collection costs, and for the audit of the signatory

13  employer or employers' books and records in order to permit the Plaintiff to ascertain whether all

14  fringe benefit contributions have been timely paid as required by the applicable labor agreements

15  and law.

16       **IV.**  **FIRST CLAIM FOR RELIEF**

17           **(AUDIT)**

18     7.   The Board of Trustees have, as one of their purposes, the obligation to ensure that

19  contributions required to be made to said Trust Fund pursuant to collective bargaining agreements

20  are fully and correctly made.  The purposes of the respective Trust Fund is to provide health and

21  welfare benefits for employees on whose behalf contributions are made, which benefits are

22  supported by such contributions, and to ensure that employers who are signatories to the

23  collective bargaining agreements referred to herein comply with the terms of said agreements

24  with respect to payments of said contributions to the Fund.

25     8.   By its terms, the Master Agreement binds Defendant to the Trust Agreement

26  establishing the Trust Fund, Article IV, Section 7 of the Trust Agreement for the California

27  Service Employees Health and Welfare Trust Fund, to which Defendant is bound, states as

28  follows:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

<u>Recordkeeping and Audits</u>.  Each Employer shall maintain such time records, checks, check stubs, quarterly or other pertinent government returns, or such other records relating to employment for which contributions are payable hereunder, sufficient (i) to determine whether

it has satisfied all obligations to the Trust and (ii) to permit the Trust to comply with all applicable laws.  These records shall be maintained within California for a period of not less than seven (7) years following the end of the calendar year in which the employment occurs.  If an Employer fails to keep records adequate to determine its obligations, there shall be a rebuttable presumption, at the option of the Trust, that all sums paid to employees covered by a Contribution Agreement by such Employer were wages for work for which contributions were payable to this Trust.

The Trustees or its authorized representatives may require any Employer to submit to it at any time any information relevant to the administration of the Trust, and each Employer specifically waives any privilege it may have with respect to such information.  Upon notice in writing, an Employer must permit an authorized Trust representative to enter upon the premises of such Employer at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether the Employer has made full and prompt payment of all sums required to the Trust.  Such examination may be undertaken pursuant to a routine payroll audit program or on an individual basis.  The records to be made available to the Trustees, or its representative, shall include but not be limited to time cards, payroll journals, payroll check registers, cancelled payroll checks, copies of the Employer's federal, state and local payroll tax report, cash disbursement journals, and all other documents reflecting the work performed, hours and wages of employees (whether or not such documents are privileged).  In the event that an examination of the Employer's records reveals that delinquent contributions for the audit period equal or exceed five percent (5%) of the total required contributions, then such Employer shall reimburse the Trust, upon demand of the Trustees, for the costs of said examination in addition to any other obligations it may have hereunder.  In addition, if an employer cancels a scheduled examination within five (5) working days of the scheduled date of the examination, the employer shall be obligated to reimburse the Trust for all actual costs resulting from the cancellation.  The Trustees shall have the authority, however, in their sole discretion to waive all or part of such costs for good cause shown.

9.      Plaintiff cannot determine whether or not Defendant has made prompt and correct payment of all Fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendants by representatives of Plaintiffs demanding that Defendants submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreement for the time period beginning July 1, 2014 through the present date.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

10.     Defendant has failed, refused or neglected to allow the audit as requested or inspection of its books, records, papers, or reports in accordance with the provisions of the Trust Agreement. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds.  Plaintiffs have no adequate remedy at law, and the individual employees who are the beneficiaries of the Trust Fund, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

11.     Plaintiff is an intended third party beneficiary of the collective bargaining agreements, but Trust Fund contribution delinquencies are excluded from the arbitration provision of said agreements.

12.     Plaintiff has complied with all conditions on their part to be performed under the terms of the applicable agreements.

13.     Plaintiff is entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

### V.     SECOND CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

14.     Plaintiff incorporates and realleges by reference all the allegations stated hereinabove.

15.     Pursuant to the written agreements establishing the Trust Fund, Defendant has failed, neglected or refused to allow Plaintiff access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Fund.

### VI.     THIRD CLAIM FOR RELIEF
### (ACTUAL DAMAGES FOR BREACH OF CONTRACT)

16.     Plaintiff incorporates and realleges by reference all the allegations stated hereinabove.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1    17.    Defendant has failed, neglected and refused to make timely fringe benefit

2  contributions as required by the applicable collective bargaining agreements and Trust

3  Agreement, and has caused Plaintiff actual damages to be proven at the time of trial.

4              **VII.    FOURTH CLAIM FOR RELIEF**

5                          **(INJUNCTION)**

6    18.    Plaintiff incorporates and realleges by reference all the allegations stated

7  hereinabove.

8    19.    Unless enjoined by this Court, Defendant will continue to fail, neglect to submit to

9  an audit of books and records by the Trust Fund. Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C.

10 § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems

11 appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to

12 obtain appropriate relief for the breaches alleged herein.  Plaintiff seeks a mandatory injunctive

13 order of this Court ordering and requiring Defendants to allow Plaintiff's auditor access to the

14 books and records of Defendant needed by Plaintiff for Plaintiff to verify the exact amounts owed

15 by Defendant to the Trust Fund.

16    **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

17    1.    That Defendant be compelled to forthwith submit to a full audit by auditors

18 selected by the Trust Fund at the premises of Defendant during business hours, at a reasonable

19 time or times, and to allow said auditors to examine and copy such books, records, papers, reports

20 of Defendant relevant to the enforcement of the collective bargaining agreements or the Trust

21 Agreement, including but not limited to the following:

22         Individual earning records (compensation); W-2 forms; 1096 and 1099
           forms; reporting forms for all Trust Fund; State DE-3 tax reports; workers
23         compensation insurance report; employee time cards; payroll journal;
           quarterly payroll tax returns (form 941); check register and supporting cash
24         voucher; Form 1120 - 1040 or partnership tax returns; general ledger -
           (portion relating to payroll audit)

25

26    2.    That Defendant be ordered to pay actual damages according to proof;

27

28

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6
COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.

1      3.      That this Court issue an injunction compelling Defendant to forthwith cease their

2  refusal to submit to an audit of their books, records, papers and reports as required by the

3  agreements to which they are bound;

4      4.      That upon completion of the audit, Defendant be decreed to pay over to Plaintiff

5  such sums as shall be ascertained to be due from Defendant and interest on said sums;

6      5.      That this Court issue an Order directing and permanently enjoining Defendant to

7  timely submit to Plaintiff Trust Fund, all reports and contributions due and owing by Defendant

8  plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29

9  U.S.C. § 1132(a)(3), (g)(2);

10      6.      That this Court issue an Order permanently enjoining Defendant for so long as

11  they remain obligated to contribute to Plaintiff Trust Fund, from failing, neglecting, or refusing to

12  timely submit required monthly contributions reports and payments as required by the terms of

13  the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2),

14  (29 U.S.C. § 1132(a)(3), (g)(2));

15      7.      That Defendant be ordered to pay attorneys' fees;

16      8.      That Defendant be ordered to pay costs of suit herein;

17      9.       That this Court grant such further relief as this Court deems just and proper; and

18      10.      That this Court retain jurisdiction of this matter to enforce the Order compelling an

19  Audit and payment of all amount found due and owing.

20  Dated:  September 12, 2019                    WEINBERG, ROGER & ROSENFELD
                                                   A Professional Corporation
21

22                                                 */s/ Tracy L. Mainguy*
                                          By:      TRACY L. MAINGUY
23                                                 Attorneys for Plaintiff

24  146650\1045043

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT FOR AUDIT, BREACH OF CONTRACT, DAMAGES, AND INJUNCTION
Case No.